UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN-RENE MONGE,<br><br>Plaintiff,<br><br>v.<br><br>PHILIPPE LAJAUNIE, LA BOUCHERIE INC., and FIRST ADMIN, INC.,<br><br>Defendants. | 14CV4769<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br> |

Plaintiff, by and through his undersigned attorneys, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Jean-Rene Monge brings this action against Defendants for unlawful intimidation, threats, discipline, and termination in retaliation for his participation in a lawsuit under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to recover unpaid wages and gratuities.

2. After 11 years of loyal service to Les Halles with a clean disciplinary history, Plaintiff was suddenly disciplined and then terminated a short time after exercising his rights under federal and state wage and hour laws.

3. Where Plaintiff was engaged in protected activity under federal and state statutes, and there was no legitimate independent reason for the actions taken against him, Defendants have unlawfully retaliated against him for asserting his rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the cause of action arises under the FLSA, a federal statute.

1

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York because all of the events complained of herein occurred in New York County.

## THE PARTIES

7. Plaintiff is a resident of Kings County and was employed by Defendants at Les Halles Park Avenue, a French restaurant in New York County.

8. Defendant La Boucherie, Inc. ("La Boucherie") is a New York corporation that owns and operates the restaurant Brasserie Les Halles Park Avenue ("Les Halles Park Avenue") located at 404 Park Avenue South, New York, NY 10016.

9. Defendant First Admin, Inc. ("First Admin") is a New York corporation located at 411 Park Avenue South, New York, NY 10016.

10. La Boucherie and First Admin are collectively referred to herein as the "Corporate Defendants."

11. Upon information and belief, the Corporate Defendants each have an annual gross volume of sales in excess of $500,000.

12. Defendant Philippe LaJaunie ("LaJaunie"), is an individual with a business address at 404 Park Avenue South, Suite 900, New York, NY 10016. Defendant LaJaunie is the principal and sole shareholder of the Corporate Defendants. He exercises sufficient control over the Corporate Defendants' daily operations to be considered an "employer" within the meaning of the FLSA and NYLL.

13. Defendant LaJaunie has the power to hire and fire all employees at Les Halles. Most significantly, LaJaunie suspended Plaintiff for three months, which was essentially a termination. LaJaunie also fired other employees, including server Larbi Oufkir.

14. Les Halles Park Avenue's general manager reports to LaJaunie.

15. LaJaunie regularly directs the work of Les Halles Park Avenue's managers and instructs them to correct service issues, such as servers' activities and customer issues. LaJaunie also instructs employees to perform tasks such as adjusting the heat, shoveling the sidewalk, cleaning the bathroom, setting up outdoor seating, and adjusting the restaurant's lighting and sound system, disciplines employees, conducts investigation of sexual harassment complaints, and fires employees.

## STATEMENT OF FACTS

16. Plaintiff was employed by Defendants as a server at Les Halles Park Avenue from 2003 until June 6, 2014.

17. On September 4, 2012, several tipped employees at Les Halles Park Avenue and Les Halles John Street filed a lawsuit against Defendants to recover unlawfully misappropriated tips, unpaid minimum wages, and unpaid overtime wages under the FLSA and NYLL. This lawsuit (the "Wage Litigation") is currently pending in the U.S. District Court for the Southern District of New York.

18. On December 30, 2013, Plaintiff opted-in to the Wage Litigation by filing a consent form with the court.

19. Defendants received notification of the filing of Plaintiff's consent form through their attorneys shortly thereafter.

20. In or around early January 2014, Defendant LaJaunie approached Plaintiff and Plaintiff's co-worker Larbi Oufkir in the restaurant and confronted them about the lawsuit. LaJaunie said, "I know why the bussers joined this lawsuit because they don't understand, but, why you and Larbi?" The Plaintiff was shocked and intimidated.

21. In or around early January 2014, a sign was posted at Les Halles Park Avenue announcing a mandatory meeting for all tipped employees.

22. Plaintiff attended the meeting on January 16, 2014 at Les Halles Park Avenue. Each tipped employee who attended the meeting, including Plaintiff, was required to sign a sign-in sheet.

23. Defendant LaJaunie led the meeting and directly addressed the tipped employees in attendance.

24. LaJaunie announced that he was making an audio recording of the meeting, and the audio recorder was in the sight of the employees in attendance.

25. At the start of the meeting LaJaunie stated that he spoke with the Plaintiff after he joined the lawsuit and that conversation lead LaJaunie to hold this meeting.

26. During the meeting LaJaunie expressed anger and disappointment that the tipped employees were participating in a lawsuit against him. He asked why the tipped employees were doing this to him and said that they should not be doing this.

27. During the meeting, LaJaunie singled out individual tipped employees, including Plaintiff, who had joined the Wage Litigation.

28. During the meeting LaJaunie confronted the Plaintiff and said, "Why did you sign, explain to me?" LaJaunie similarly confronted other employees who joined the Wage Litigation.

29. LaJaunie became angry at the comments the Plaintiff and other employees gave. LaJaunie told the tipped employees that there were no reason to join the lawsuit and that the lawyers were the only ones who would make money. LaJaunie said that because of the lawsuit, he could not afford to give the kitchen staff a raise. The Plaintiff felt intimidated by LaJaunie's comments.

30. On January 28, 2014, Plaintiff's counsel submitted to the Court in the Wage Litigation a letter requesting a conference to address Defendants' improper intimidation of current and potential plaintiffs in the Wage Litigation. With the letter, Plaintiff's counsel submitted a declaration signed by Plaintiff describing the intimidation in which Defendants had engaged. Defendants' counsel also received these documents.

31. In March 2014, Plaintiff had a meeting with LaJaunie regarding changes to the French words in the menu. The Plaintiff mentioned that the environment was better because Chad Combs was moved to the other restaurant. LaJaunie asked Plaintiff to withdraw from the lawsuit. The Plaintiff felt threatened by LaJaunie's request.

32. On or around April 8, 2014, Plaintiff had a meeting with Les Halles Park Avenue's general manager, Magda Wybieralska, and Mohamed Kourma, one of the restaurant's maître d's. At the meeting, Ms. Wybieralska gave the Plaintiff a write-up for having a negative attitude.

33. In or around late May 2014, Mr. Kourma assigned Plaintiff a double section, *i.e.*, twice the number of tables a waiter usually serves. Mr. Kourma told Plaintiff that he was a "you and Buddy are the only ones that [Mr. Kourma] could count on."

34. Shortly thereafter, in or around late May 2014, another maître d at Les Halles Park Avenue, assigned Plaintiff a double section. Maitre d' Anthony Rinaldo said that Plaintiff was a "strong waiter."

35. On or around June 6, 2014, Plaintiff was working his scheduled shift when he was told by Defendants' director of operations, Pamela Gill, to go downstairs to meet with Defendant LaJaunie.

36. During that meeting Defendant LaJaunie advised Plaintiff that he was being suspended because Plaintiff's supposed bad attitude and inability to quickly turn tables led to a drop in sales.

37. Defendant LaJaunie's stated reason for suspending Plaintiff was pretextual and directly contradicts the statements and actions of the maitre d's who supervised Plaintiff. Plaintiff was suspended in retaliation for his participation in the Wage Litigation.

38. The three month suspension without pay is tantamount to termination. Plaintiff has a young son to support and must find another job.

39. Defendants committed the foregoing actions knowingly and willfully.

40. As a result of the foregoing, Plaintiff has suffered severe emotional distress such as anxiety, sleeplessness, nausea, and depression.

**FIRST CAUSE OF ACTION**
**(Retaliation in Violation of the FLSA, 29 U.S.C. § 215(a)(3))**

41. All preceding paragraphs are incorporated herein.

42. Defendants willfully and unlawfully retaliated against Plaintiff for his engagement in activities protected under the FLSA, namely, (1) joining and participating in the Wage Litigation and (2) submitting to the Court a declaration in connection with the Wage Litigation.

43. In retaliating against Plaintiff, Defendants acted in knowing or reckless disregard of Plaintiff's federally protected rights.

44. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for emotional distress, punitive

damages, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of NYLL § 215)

45. All preceding paragraphs are incorporated herein.

46. Defendants willfully and unlawfully retaliated against Plaintiff for his engagement in activities protected under the NYLL, namely, (1) joining and participating in the Wage Litigation and (2) submitting to the Court a declaration in connection with the Wage Litigation.

47. In retaliating against Plaintiff, Defendants acted in knowing or reckless disregard of Plaintiff's statutorily protected rights.

48. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for emotional distress, liquidated damages, punitive damages, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. Compensatory damages;

B. Emotional distress;

C. Liquidated damages;

D. Punitive damages;

E. Pre- and post-judgment interest;

F. Attorneys' fees and costs; and

G. Whatever other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all claims alleged herein.

Dated: New York, NY  By: _____
June 27, 2014  Jeffrey E. Goldman, Esq.
The Law Offices of Jeffrey E. Goldman
501 Fifth Avenue, Suite 1900
New York, NY 10017
Telephone: (212) 983-8999
Fax: (212) 949-5085

Denise A. Schulman
D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
233 Broadway, 5th Floor
New York, NY 10279
Telephone: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*